Opinion by
Willson, J.
§ 168. Carrier; common law liability of; charge of court upon this subject, held correct. The trial court charged the jury as follows: “If the jury believe, from the evidence, that the defendant company received from the plaintiff the cattle mentioned in plaintiff’s petition, for the purpose of transportation from Denton to Chicago, and that the defendant failed to furnish suitable cars for the transportation of said cattle, or failed to transport the same within a reasonable time, and that by reason of such failure on the part of defendant, said cattle were injured, then you should find for the plaintiff such amount as you may believe he has been damaged by reason thereof, and the measure of damages would be the difference in the value of said cattle at their arrival in Chicago, and their value in Chicago, had they been transported with proper care, and in a reasonable time. Unless you find from the evidence that the cattle were delayed beyond the usual and ordinary time of shipment, or that said cattle were injured through the negligence of the defendant, in the care and management of the same, while in the defendant’s charge, then you should find for the defendant.” Held, that this charge was applicable to the pleadings and the evidence, and was substantially correct.
§ 169. Bill of lading; need not be produced, when; must be produced, tuhen. In an action against a common carrier, founded on the common law liability of such carrier, it is nob necessary to produce in evidence a bill of lading of the property alleged to have been lost or injured. If there was a special contract restricting the common law liability of the carrier, it devolved upon the carrier to allege and prove it. Where the suit is founded upon a bill of lading, then the bill of lading must be *148 produced in evidence, or its non-production must be accounted for and its. substance proved as alleged. [Ante, § 166.]
April 26, 1884.
§ 17 0. Damages for delay on appeal. Where there is no sufficient cause for an appeal, it will be considered that the appeal was taken for delay, and damages for such delay will be awarded by this court. [R. S. art. 1049; Sayles & Bassett’s Pr. § 1152.]
Affirmed with damages.